UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER EFUANGU ATABONG,

Petitioner,

v.

UNKNOWN PARTY
NAMED AS ICE DIRECTOR,

Respondent.
______________________________/

Case No. 1:26-cv-2851

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on October 8, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondent filed his response and a recording of the June 23, 2026, bond hearing on October 14, 2026. (Resp., ECF No. 5; Recording of Jun. 23, 2026, Bond Hearing, filed on Oct. 14, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Cameroon who entered the United States in 2024. (Pet., ECF No. 1, PageID.6.) On June 2, 2025, Petitioner was arrested by ICE agents. (*Id.*, PageID.4.)

On May 12, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Atabong v. Raycraft* (*Atabong I*), No. 1:26-cv-1568 (W.D. Mich 2026). In *Atabong I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Atabong I*, (W.D. Mich. Jun. 12, 2026), (ECF Nos. 6, 7).

On June 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Bond Order, *Atabong I*, (W.D. Mich. Jun. 23, 2026), (ECF No. 8-1.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond because Petitioner "failed to show he is not a flight risk." *Id.*

## III. Analysis

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: October 21, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge